IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KRISTOPHER AAGE SWENSON,<br>Plaintiff,<br>v.<br>G.W. BUSH,<br>Defendant.

Case No. CV 06-519-S-EJL

**REPORT AND RECOMMENDATION**

The District Court has referred this action to the undersigned for all necessary and proper proceedings. (Docket No. 10). Currently pending before the Court are three letters filed by Kristopher Aage Swenson requesting various types of relief. (Docket Nos. 6, 7, 9). Particularly, Swenson seeks copies of his filings with the Court and "the Name of the Surety Companies with policy numbers used by [the Clerk of the Court] and the Judges in [the Idaho] court." (Docket No. 6). To address these requests, the Court has carefully reviewed the record and, being otherwise fully informed, now enters the following Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**I.**

**REPORT**

On December 27, 2006, Kristopher Aage Swenson ("Swenson") filed an untitled document, which appears to be some type of affidavit, to initiate this action. (Docket No. 1).

The first line of the document states that it is "For the Affidavit of the Bifurcation of the United-States of the America . . . ." (hereinafter "Affidavit"). Swenson appears to be seeking some type of relief from this Court through the filing of the Affidavit although he has not clearly identified his claims or the factual or legal basis for his claims in the hundreds of pages of documents he filed.

The one-page "Civil Cover Sheet" included with Swenson's Affidavit states that he is the Plaintiff in this action and lists "G.W. Bush" of Washington, D.C., as the Defendant. (Docket No. 1-12). When Swenson filed the Affidavit that initiated this action, he paid the civil filing fee of $350.00. Even though the Affidavit does not set forth a basis for relief, the Civil Cover Sheet lists "1983 U.S.C. Title 42, 1984, 1985" as the causes of action.

The Court is mindful that pro se pleadings must be liberally construed, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006), however, Swenson's Affidavit lacks several items necessary for it to be treated as a complaint that is sufficient to commence a civil action that complies with Federal Rules of Civil Procedure 3 and 8(a). Rule 8(a) requires a complaint to contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim, and (3) a demand for judgment for the relief the pleader seeks. Although Swenson's Civil Cover Sheet lists Title 42, Sections 1983, 1984, and 1985 as the grounds for this action, nothing in the Affidavit or other filings explain the factual or legal bases for a claim against the President of the United States under Title 42. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claims plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In other words, Swenson must allege with at least

some degree of particularity the acts in which the President allegedly engaged that support Swenson's claims. *Id.* Because this information is lacking, along with a statement of jurisdiction, it is recommended that the District Court dismiss this action, *see* Fed. R. Civ. P. 3 (explaining that civil actions are commenced by the filing of a complaint), but allow Plaintiff twenty (20) days to amend his filing to comply with the Federal Rules.

A second reason supports dismissal of this action. Swenson's Affidavit refers to the "Destruction of the Lower-Class," the "Destruction of Trade," and the government's promotion of ignorance, vices, and misery. *See, e.g., Affidavit*, pp. 3-5, 16 (Docket No. 1). Thus, it appears that Swenson's claims against President Bush are based solely on activities the President is alleged to have engaged in as President, all of which may be barred by absolute immunity. *See Nixon v. Fitzgerald*, 457 U.S. 731, 754 (1972) (explaining that the "exercise of jurisdiction" is not warranted in the case of a "merely private suit for damages based on a President's official acts," and determining that for officials, including the President, whose special functions or constitutional status requires complete protection from suit, the defense of absolute immunity is recognized); *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

Finally, even if the Court were to treat the Affidavit as a properly-filed complaint, the Federal Rules require the pleading commencing a civil action to be served, along with a summons, within 120 days after the pleading is filed with the Court. *See* Fed. R. Civ. P. 4(c), (m).[1] In the present action, there is no indication that Swenson has effected service in compliance with the Federal Rules of Civil Procedure, and the deadline for service passed on

---

[1] In addition, because the Defendant named here is the President of the United States, proper service can be effected only by complying with subsection (i) of Rule 4.

April 30, 2007. *See* Fed. R. Civ. P. 4(l) (explaining that "[i]f service is not waived, the person effecting service shall make proof thereof to the court"); Fed. R. Civ. P. 4(m) (providing that, if the plaintiff shows good cause for the failure to timely serve the complaint, "the court shall extend the time for service for an appropriate period"); *Hason v. Medical Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002) (concluding that a district court did not abuse its discretion in dismissing, for failure to prosecute, a pro se plaintiff's claims against individual defendants where the plaintiff failed to effectuate service of process on these individuals within the 120 day time period and failed to respond to an order to show cause why service had not been made).

Accordingly, it is recommended that the District Court enter an order requiring Swenson to show cause why this action should not be dismissed: 1) because the Affidavit does not contain the elements necessary to constitute a pleading initiating a civil action, 2) because the President of the United States is entitled to absolute immunity, and 3) for failure to serve the Affidavit within the 120-day time period allowed under Rule 4(m). It is recommended here that the District Court order Plaintiff to file a written response to the District Court's order on this Report and Recommendation, within twenty (20) days of the District Court's entry of that order, explaining why this action should not be dismissed for the reasons set forth above.

It is also recommended that Swenson be allowed to amend his filing in accord with Federal Rules of Civil Procedure 3 and 8(a) within twenty (20) days of the filing of the District Court's order on this Report and Recommendation. Because it is unclear whether Swenson can show the cause that is necessary to avoid dismissal of this action, the Court will defer ruling on the requests contained in Swenson's letters until after the District Court enters its order and Swenson responds, if he chooses to do so.

**II.**

**RECOMMENDATION**

Based on the foregoing, it is recommended that the District Court require Plaintiff to file a written response to the District Court's order on this Report and Recommendation, within twenty (20) days of the District Court's entry of that order, explaining why this action should not be dismissed: 1) because the Affidavit does not contain the elements necessary to constitute a pleading initiating a civil action, 2) because the President of the United States is entitled to absolute immunity, and 3) for failure to serve the Affidavit within the 120-day time period allowed under Rule 4(m).

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1. If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: **May 14, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge