IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTOPHER AAGE SWENSON,    )<br>                                                      )<br>                        Plaintiff,       )<br>                                                      )<br>v.                                                   )<br>                                                      )<br>G. W. BUSH,                                 )<br>                                                      )<br>                        Defendant.   )<br>_____) | Case No. CV06-519-S-EJL<br><br>**ORDER ON REPORT<br>AND RECOMMENDATION** |

      On May 14, 2006, United States Magistrate Judge Larry M. Boyle issued his Report and Recommendation (Docket No. 11) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. On May 24, 2006, the Kristopher Aage Swenson (Plaintiff) filed his objection to the Report and Recommendation (Docket No. 17). The Court has not waited for a response to the objection as the Defendant in this case has not been served or appeared in this case.

      Pursuant to 28 U.S.C. § 636(b)(1) this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b) and is now prepared to rule on the objection filed by Plaintiff.

ORDER ON REPORT AND RECOMMENDATION- 1

Factual Background

The Court adopts the factual background set forth in the Report and Recommendation. This case was initiated on December 27, 2006, by Plaintiff filing an untitled document, which appears to be some type of affidavit (Docket No. 1) and by paying the $350 filing fee. Plaintiff appears to be seeking some type of relief from this Court, although he has not clearly identified his claims or the factual or legal basis for his claims in the voluminous documents presently filed in this case. However, the Civil Cover Sheet filed by Plaintiff lists "1983 U.S.C. Title 42, 1984, 1985" as the cause of action, further, the Civil Cover Sheet lists "G. W. Bush" of Washington, D.C., as the Defendant (Docket No.11, pages 1-4).

Judge Boyle's Report and Recommendation clearly sets forth the standards and requirements necessary for the Affidavit (Docket No. 1) to be treated as a complaint. Judge Boyle also found that Plaintiff's Affidavit lacked several items necessary for it to be treated as a complaint. (Docket No. 11, pages 1-3).

Judge Boyle also included a second reason for dismissal of this action based upon Plaintiff's claims against the Defendant, President Bush, appear to be based solely on activities the Defendant is alleged to have engaged in as President, all of which are barred by absolute immunity. (Docket No. 11, page 3).

Finally, Judge Boyle concluded that even if the Court were to treat the Affidavit as a properly filed complaint, there is nothing in the record to support that Plaintiff has properly served the Affidavit on the Defendant, along with a summons, within the 120 days as required by Fed. R. Civ. P. 4(c)(m). (Docket No. 11, pages 3-4).

Report and Recommendation

Judge Boyle recommends that this Court require Plaintiff to file a written response to this Order within twenty (20) days explaining why this action should not be dismissed:

1. Because the Affidavit does not contain the elements necessary to constitute a pleading initiating a civil action;

2. Because the President of the United States is entitled to absolute immunity, and

3. For failure to serve the Affidavit within the 120-day time period allowed under Rule 4(m).

Objection to Recommendation by Plaintiff

On May 24, 2007, the Plaintiff filed another untitled document and attached Judge Boyle's Report and Recommendation thereto (Docket No. 17). In conducting this review, the Court is mindful that Plaintiff's pro se pleadings must be liberally construed and must be given the benefit of any doubt. Allen v. Gold Country Casino, 464 F. 3d 1044, 1048, (9th Cir. 2006). Therefore, the Court shall deem such filing by Plaintiff an Objection to the Report and Recommendation. The Objection, however, is similar to Plaintiff's prior filings and he has not clearly identified his objections or the factual or legal basis for the objections. Moreover, the Objection, is wholly inadequate in setting forth any logical basis for the objections and is incoherent. To the extent the Objection is an amended complaint, the Court finds the pleading does not address the deficiencies raised by Judge Boyle.

Conclusion

For the reasons stated above, Plaintiff's Objections to the Report and Recommendation are denied and this Court concurs with the findings and recommendations made by Judge Boyle.

ORDER ON REPORT AND RECOMMENDATION- 3

ORDER

Because the Court finds the Report and Recommendation of Judge Boyle to be well founded in law, the Court hereby accepts it in its entirety, and adopts as its own the findings made by Judge Boyle. Acting on the recommendations of Judge Boyle, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED:**

Plaintiff shall file a written response explaining why this action should not be dismissed because 1) the Affidavit fails to contain the elements necessary to constitute a pleading initiating a civil action; 2) the President of the United States is entitled to absolute immunity, and; 3) for failure to serve the Affidavit within the 120-day time period allowed under Rule 4(m). Plaintiff shall file his written response on or before **July 2, 2007,** or this case will be subject to dismissal by the Court without further notice. In issuing this Order, the Court makes no determination regarding the merits of Plaintiff's claims.

DATED: **June 6, 2007**

Honorable Edward J. Lodge
U. S. District Judge

ORDER ON REPORT AND RECOMMENDATION- 4