IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KRISTOPHER AAGE SWENSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 06-519-S-EJL |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| G.W. BUSH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The District Court has referred this action to the undersigned for all necessary and proper

proceedings. (Docket No. 10). Currently pending before the Court are several post-judgment

filings[1] submitted by Kristopher Aage Swenson. (Docket Nos. 23, 24, 25, 26, 27, 28, 29, 30, 31,

32). The Court has carefully reviewed the record and, being otherwise fully informed, now

enters the following Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## I.

## REPORT

On December 27, 2006, Kristopher Aage Swenson ("Swenson") filed an untitled

document, the first line of which states that it is "For the Affidavit of the Bifurcation of the

United-States of the America . . . ." (hereinafter "Affidavit"). (Docket No. 1). Taking into

---

[1]   Although these filings are not labeled as "motions," the Court is treating them as such
because they were submitted by a pro se party.

consideration that pro se pleadings must be liberally construed, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006), this Court nonetheless determined that Swenson's Affidavit lacked several items necessary for it to be treated as a complaint sufficient to commence a civil action in compliance with Federal Rules of Civil Procedure 3 and 8(a). Report & Recommendation (Docket No. 11).

The Court recommended that the presiding judge enter an order requiring Swenson to show cause why this action should not be dismissed: 1) because the Affidavit does not contain the elements necessary to constitute a pleading initiating a civil action, 2) because the President of the United States is entitled to absolute immunity, and 3) for failure to serve the Affidavit within the 120-day time period allowed under Rule 4(m). *Id.*

The District Court entered an Order concurring with the findings and recommendations, *see* Order on Report and Recommendation (Docket No. 19) and, on July 12, 2007 entered an Order dismissing this case in its entirety. (Docket No. 21). That same day, the final Judgment was entered. (Docket No. 22).

Almost a full year elapsed before Swenson submitted the present filings, some of which are labeled as "Affidavits," "Criminal Complaints," and "Judgment in Error of the Reversal," and are a combined 552 pages in length. The Court has liberally construed these pro se filings, *see Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002); however, relief may not be sought in a closed case by filing a "complaint" or "affidavit."[2] Additionally, if Swenson is seeking to alter or

---

[2]     State and federal criminal statutes provide no basis for liability in a civil rights action. *See, e.g., Lamont v. Haig*, 539 F.Supp. 552, 558 (D.S.D. 1982) (violation of federal criminal statutes does not give rise to a civil cause of action); *Fiorino v. Turner*, 476 F.Supp. 962, 963 (D.Mass. 1979); *Bryant v. Quintero*, 2001 WL 1018717, *2 (N.D.Cal. 2001) (there is no private cause of action under 18 U.S.C. §§ 241 and 242, and no amendment can cure such a deficiency);

REPORT AND RECOMMENDATION - 2

amend the Judgment, his request is untimely. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."). Similarly, even if one of Swenson's filings could be construed as a notice of appeal, it also would be untimely. *See* Fed. R. App. P. 4(a)(1)(B).

Finally, if Swenson is seeking relief under Federal Rule of Civil Procedure 60, he has not coherently identified any mistake, inadvertence, newly discovered evidence, or fraud sufficient to warrant relieving him from the Judgment in this case. *See* Fed. R. Civ. P. 60(b). For all of these reasons, it is recommended that the District Court deny any requests for relief contained in these post-judgment filings.

## II.

### RECOMMENDATION

Based on the foregoing, it is recommended that the District Court deny any requests for relief that may be contained in Swenson's recent filings (Docket Nos. 23, 24, 25, 26, 27, 28, 29, 30, 31, 32). Additionally, it is recommended that the District Court enter an order prohibiting Swenson from submitting any new filings in this case.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1. If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth

---

*Pawelek v. Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D.Ill.1983) (no private cause of action is inherent in federal criminal statutes defining civil rights violations).

REPORT AND RECOMMENDATION - 3

Circuit Court of Appeals may be waived.



DATED:  December 1, 2008

Honorable Larry M. Boyle
U. S. Magistrate Judge